# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

Mark A. Peterson SR

Vs.

City OF Milwaukee (Milwaukee Police Department)

Case NO 14-C-1072

## COMPLAINT

I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court relating to the same occurrence Involved in this action?

X YES    NO

B. Have you begun other lawsuits in state or federal court?

X YES    NO

C. If your answer to A or B was YES, provide the requested information below. If there is more than one lawsuit, describe each additional one on a separate sheet of paper, using the same outline.

1. Parties to the previous lawsuit

Plaintiff(s) Mark A. Peterson SR

Defendant City of Milwaukee Police Department

2. Court in which lawsuit brought (if federal court, name district: if state court, name the County) Milwaukee County

Civil Rights Complaint Pro Se Form
Page 2

3. Docket numbered Case No. CR ERD 201102452

4. Current Status?

Case withdrawn filed with EEOC

5. Approximate date of disposition April, 2011

6. Approximate date of disposition April, 2013

## II. PARTIES

A. Plaintiff   Mark A. Peterson Sr.

B. 500 W Hampton Ave, Apt #203, Milwaukee WI 53217
(414) 588-5030 (Cell)

C. DEFENDANT City of Milwaukee Police Department

D. 749 W. State St. Milwaukee WI, 53233
(414) 935-7200 (Work)

E. Additional DEFENDANTS (names and addresses)

## III. STATEMENT OF CLAIM (follow instructions carefully)
State briefly as possible the *essential facts* of your case. Tell what each defendant did to you that caused you to file this suit against them. If you are complaining about more than one wrong, use a separate *numbered* paragraph for each wrong, and describe each wrong in that paragraph and only that paragraph. State only the facts. *Do not give any legal theories or arguments; do not cite any cases or statutes. Do not feel you have to use all the space.* USE NO MORE THAN THE SPACE PROVIDED.
THE COURT STRONGLY DISAPPROVES OF STATING CLAIMS OUTSIDE THE SPACE PROVIDED.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

Mark A. Peterson SR

Vs.

City OF Milwaukee (Milwaukee Police Department)

Case NO _____

## COMPLAINT

I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court relating to the same occurrence Involved in this action?

X YES    NO

B. Have you begun other lawsuits in state or federal court?

X YES    NO

C. If your answer to A or B was YES, provide the requested information below. If there

is more than one lawsuit, describe each additional one on a separate sheet of paper, using the same outline.

1. Parties to the previous lawsuit

Plaintiff(s) Mark A. Peterson SR

Defendant City of Milwaukee Police Department

2. Court in which lawsuit brought (if federal court, name district: if state court, name the County)

Milwaukee County

Civil Rights Complaint Pro Se Form
Page 2

3. Docket number EEOC Case No. 26G201101289C

4. Current status?
   Case was dismissed

5. Approximate date of filing lawsuit April 2013

6. Approximate date of disposition, June 06, 2014

New retaliation claim filed August 12 2014,
Pending

## II. PARTIES

A. Plaintiff  Mark A. Peterson Sr.

B. 500 W Hampton Ave, Apt #203, Milwaukee WI 53217
(414) 588-5030 (Cell)

C. DEFENDANT City of Milwaukee Police Department

D. 749 W. State St. Milwaukee WI, 53233
(414) 935-7200 (Work)

E. Additional DEFENDANTS (names and addresses)

## III. STATEMENT OF CLAIM (follow instructions carefully)
State briefly as possible the *essential facts* of your case. Tell what each defendant did to you that caused you to file this suit against them. If you are complaining about more than one wrong, use a separate *numbered* paragraph for each wrong, and describe each wrong in that paragraph and only that paragraph. State only the facts. *Do not give any legal theories or arguments; do not cite any cases or statutes. Do not feel you have to use all the space.* USE NO MORE THAN THE SPACE PROVIDED.
THE COURT STRONGLY DISAPPROVES OF STATING CLAIMS OUTSIDE THE SPACE PROVIDED.

Civil Rights Complaint

Begin statement of claim I began my employment with the Milwaukee Police Department as a Police Officer on August 21, 1989. While during my employment I was later promoted to Detective 1995.

1) I have worked for the City of Milwaukee Police Department for or 25 years and at the time of my complaint I rank **20** out of **182** Detectives. On or about April 8, 2014 Captain Jeffrey Point notified me I was being transferred from the homicide division. Stating the Police Chief Edward Flynn knew my name.

2) Captain Jeffrey Point further stated I have lost creditability in future testimony. Stating these actions was due to my testimony in State V. Eddie Gill,. There were other (Caucasians) Detectives who provided testimony and were not transferred, James Hensley and Dennis Devaulkenere.

3) I was informed that I will no longer be allowed to be assigned to the Homicide Division. I was the only African American Detective transferred. I ranked **#1** in Seniority assigned to the Homicide Unit out of - **#34**, Homicide Detectives. At the time of my transfer I was the senior polygraphist, I was replaced by Detective Eric Gulbrandson (Caucasian) all of the (3) polygraphist are all Caucasian James Hensley, James Hutchinson and Eric Gulbrandson.

4) Since my transfer to Court Liaison I have lost wages to include roll call. I have testified in several court Proceedings.

5) These actions by the City Of Milwaukee are retaliatory due to my previously filing of discrimination claims, State of Wisconsin Department of Workforce Development, **ERD Case No. CR 201102452, EEOC Case No. 26G201101289C.**

6) On February 9, 2009 I was investigated for Witness Intimidation. On October 27, 2009 informed by Captain Kurt Leibold cleared of any violations awaiting a formal letter.

7) On January 11, 2010 I requested to meet with Police Chief Edward Flynn. On January 19, 2010 Chief Edward Flynn declined meeting.

8) On February 10, 2010 ordered to take a drug test.

9) On **March 8, 2010 denied Negotiator training.** April 12, 2010 memorandum filed to Captain Kurt Leibold regarding Negotiator status. **May 8, 2010 denied training Negotiator.**

10) On August 4' 2010,(Internal Investigation) ordered to answer question as it related to Witness Intimidation. **August 10, 2010 Criminal Investigation closed (not Sustained),** (Administrative Duty).

Civil Rights Complaint

## STATEMENT OF CLAIM CONTINUED

11) On September *6, 2010, notified by Detective Carolyn Lacy of the Professional Performance Division ordered into the District Attorney Office.* September 24, 2010, appearances District Attorney Office Criminal Attorney Michael Hart  District Attorney John Chisholm, Deputy District Attorney Kent Lavern, Milwaukee County Investigator David Buddy Milwaukee Police Detective Sebastian Raclaw of the Professional Performance Division

12) **District Attorney John A. Chisholm stated he believed I placed the call, based on his belief, "gut" Stating I am guilty of these allegations even though he could not prove beyond a reasonable doubt.** Stating the streets are talking and he has evidence (audio recording) Stating he did not believe, he could use my testimony in any criminal proceedings. Stating this information will be shared during any court proceedings. Stating he is obligated to turn over the entire Investigation to the Defense prior to my testimony.

13) On **September 28 2010, Internal Investigation (not sustained) Closed. The District Attorney invoked Giglio v. United States against my credibility and truthfulness**

14) **On October 11, 2010, Captain Kurt Leibold stated I will remain on administrative duties.** October 22, 2010, Captain Kurt Leibold stated **I will be transferred** from the Homicide Unit

15) On **January 12, 2011 meet with Assistant Chief James Harpole and Inspector Darryl Winston Assistant Chief Harpole cited Case Law, Gigilo vs. the United States, Creditability of a Law Enforcement Officer**. I informed Assistant Chief James Harpole that I have given testimony in several court proceedings. Assistant Chief James Harpole **responded by stating he had never been informed of my testimony**. Captain Kurt Leibold and Lieutenant Thomas Stigler requested I be returned to homicide.

16) On January 18, 2011, **removed me from administrative duty and returned to Homicide.**

Civil Rights Complaint
Pro Se Form
Page 5

End of Statement of Claim:

Civil Rights Complaint
Pro Se Form
Page 6

## IV. RELIEF YOU REQUEST

State exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. DO NOT USE THIS SPACE TO STATE THE FACTS OF YOUR CLAIM. USE IT ONLY TO REQUEST REMEDIES FOR THE INJURIES YOU COMPLAIN ABOUT. Use only the space provided. The court strongly disapproves of requesting remedies outside the space provided.

I am requesting the following remedies 1) Attorney fees and any future attorney fees paid. 2) Compensatory and Punitive Damages totaling $250.00 dollars or any dollar amount deemed just by the Court. 3) Compensation for time spent on case pro se, including all expenses. 4) No further retaliation regarding assignments and or promotions.

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this 3rd day of September, 2014.

*[signature: Mark A. Peterson, Sr.]*

Signature of Plaintiff(s))



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Milwaukee Area Office

310 West Wisconsin Avenue, Suite 800
Milwaukee, WI 53203-2292
(414) 297-1111
TTY (414) 297-1115
FAX (414) 297-4133 & 3146

Charge Number: 26G-2011-01289
Mark A. Peterson
v.
Milwaukee Police Department

Mark A. Peterson
9630 Greenwood Terrace
Milwaukee, WI 53224

Dear Mr. Peterson:

I am the investigator who investigated your charge of discrimination against the Respondent (Milwaukee Police Department). I am writing to you at this time to explain the "Dismissal" form, which is attached.

A dismissal has been issued in your charge because there is insufficient legal evidence to determine that the Respondent's actions violated federal employment discrimination law. Specifically, the evidence gathered during the investigation and contained in the rebuttal letter dated May 28, 2014 does not support your allegations that you were subjected to different terms and conditions of employment because of your race.

The Dismissal ends the EEOC's investigation of your charge. Your Dismissal also gives you the right to pursue this matter in U.S. District Court. Please see the attached information sheet that explains that right.

JUN 0 6 2014
_____
Date

Sincerely,

_____
Adam Carvill
Federal Investigator

cc:
Martin Kuhn
Jeffrey S. Hynes & Associates, S.C.
2300 North Mayfair Rd., Suite 390
Wauwatosa, WI 53226