

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK A. PETERSON SR.
500 W HAMPTON AVE APT 203
MILWAUKEE WI, 53217
    Plaintiff
V.
                                                       Case14C-1072

CITY OF MILWAUKEE
MILWAUKEE CITY HALL
200 EAST WELLS ST
MILWAUKEE WI, 53202
    Defendant.

## AMENDED COMPLAINT

1.    Nature of Action

This is a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. & 200e,et seq., the Civil Rights Act of 1871, amended in 1991, 42 U.S.C &1981, and 42 U.S.C & 1983, brought to redress the injuries suffered by the Plaintiff, Mark A. Peterson Sr. Plaintiff was an employee of the Defendant when he was subjected to discriminatory terms and condition of employment regarding plaintiff being retaliated against for having filed earlier discrimination charges. Plaintiff's complaints of discrimination were ignored, in violations of rights secured by the act and statues above.

## II. JURISDICTION AND VENUE

201. Jurisdiction over the plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended, is conferred on this court by 42 U.S.C. & 2000e-5(f)(3).

202. Jurisdiction over the plaintiff's claim under the Civil rights Act of 1871, as amended, is conferred on this court by 28 U.S.C. & 1331

203. Jurisdiction over the plaintiff's claims under 42 U.S.C. & 1983 is conferred on this court by 28 U.S.C. & 1331.

B. Venue

204. The Eastern District of Wisconsin is a proper federal venue for this action because the Eastern District is a judicial district in the state in which the unlawful employment practices are alleged to have been committed within the meaning of 42 U.S.C & 2000e-5(f)(3) and U.S.C. & 216(b) and pursuant to 28 U.S.C & 1391 (b)

## III. PARTIES

A. Plaintiff

301. Plaintiff Mark A. Peterson Sr. an adult male citizen of the United States of African American descent who currently resides at 500 W. Hampton Ave, Apt #203, Milwaukee Wisconsin, 53217, and was at all times material hereto, an employee within the meaning of Title of the Civil Rights Act of 1964.

B. Defendant.

302. The Defendant, City of Milwaukee is an employer within the meaning of the Title VII of the Civil Rights Act of 1964 and has the capacity to sue and be sued in this Court.

   303. The Defendant, City of Milwaukee Police department is an within the meaning of the Title VII of the Civil Rights Act of 1964 and has the capacity to sue and be sued in this court.

## IV. ALLEGATIONS OF FACT

401. The Plaintiff Mark A. Peterson Sr. began his employment with the Milwaukee Police department as a Police Officer on August 21 1989.

   402. The Plaintiff has worked for the Defendant for over 25 years and at the time of my complaint I ranked # out of Detectives.

403. On July 20, 2011 I contacted the State of Wisconsin Department Of Workforce Development in writing regarding employment discrimination. On or about March 2012, the State of Wisconsin, Department Of Workforce, Development **ERD Case No. CR201102452,** and **EEOC Case No. 26G201101289C** stated the following
Initial Determination No Probable Cause/ Probable Cause

The Division Decided
There is **no probable cause** to believe City of Milwaukee violated the Wisconsin Fair Employment Law sec. 111.31-111.395, stats, by
   A. Discrimination against the Complaint because the Complaint made a complaint under
      that Act. (**Retaliation**) This part of the complaint is therefore dismissed.

However
**404. There is probable cause to believe the City of Milwaukee may have violated the Wisconsin Fair Employment Law, sec 11.31-111.395 by**
   A. Discriminating against the Complaint in terms or conditions of employment of race.

   Investigators E XPLANATION

   405. The Defendant has not stated a valid reason to explain why the Plaintiff was not reinstated as an investigator until January 28, 2011. Although the internal

misconduct investigation was concluded on September 28, 2010, the Complaint was cleared of misconduct charges.

406. The fact the District Attorney had a "gut" feeling of the Complaint Guilt can be constructed as a racial bias on the part of the District Attorney. An Administrative Law Judge therefore refers this charge to the Legal Bureau for a final determination.

407. On April 10, 2013 I requested to withdraw complaint of discrimination against the above named respondent and will file with the Equal rights Division of the Department of Workforce Development charge number 26G201101289C25. On or about April 2014, I was notified by EEOC charge Number 26G-2011-01289 that there Investigation was concludes their findings revealed I was investigated for two separate Investigations as well as being investigated by the District Attorney Office.

408. The District Attorney Office concluded their Investigation on September The District Attorney Office invoked Giglio Vs the United States against me. Stating there was sufficient evidence against me, invoking Giglio meaning the District Attorney Office stated I lost creditability. Stating the District Attorney Office would be compelled to disclose the information to the Defense in any and all future, or prosecute cases I was involved, including not putting me on the stand.

409. The EEOC further stated the case comparisons provide were not comparable and lacked evidence to show that similar situated co-workers outside your protected class were treated better than the Plaintiff, Issued a right to sue letter.

410. The application of Giglio was removed at the request of the Defendant to the District Attorney, on or about July 2011, I contacted the State of Wisconsin Department Of Workforce Development in writing regarding employment discrimination.

411. On or about March 2012, the State of Wisconsin Department Of Workforce gave the following findings related to cases ERD Case No. CR201102452, EEOC Case No. 26G201101289C, Initial Determination,

No Probable Cause/ Probable Cause. The Division Decided There is no probable cause to believe the City of Milwaukee violated the Wisconsin Fair Employment Law sec. 111.31-111.395, stats, by

        A.    Discrimination against the Complaint because the Complaint made a complaint under that Act. (Retaliation) This part of the complaint is therefore dismissed.

412. However, There is probable cause to believe the City of Milwaukee may have violated the Wisconsin Fair Employment Law, sec 11.31-111.395 by

A. Discriminating against the Complaint in terms or conditions of employment of race.

Investigators E XPLANATION

413 The Defendant has not stated a valid reason to explain why the Plaintiff was not reinstated as an investigator until January 28, 2011. Although the internal misconduct investigation was concluded on September 28, 2010, the Plaintiff was cleared of misconduct charges.

414. The fact the District Attorney had a "gut" feeling of the Plaintiff
Guilt can be constructed as a racial bias on the part of the District Attorney.
An Administrative Law Judge therefore refers this charge to the Legal Bureau for a final determination.

415. On or about April, 2013 Plaintiff requested to withdraw complaint of discrimination against the above named Defendant stating the Plaintiff was filing with the Equal rights Division of the Department of Workforce Development charge number 26G201101289C

416. On or about April 2014, the Plaintiff was notified by EEOC regarding charge Number 26G-2011-01289. There Investigation was concluded stating the Plaintiff was investigated for two separate Investigations as well as being investigated by the District Attorney Office.

417. The District Attorney Office concluded their Investigation on or about September 28,2010 .The District Attorney Office invoked Giglio against the Plaintiff. Stating there was sufficient evidence against the Plaintiff invoking Giglio, meaning the District Attorney Office stated the Plaintiff has lost creditability.

418. Stating the District Attorney Office would be compelled to disclose this information to the Defense in any and all future, or prosecute cases the Plaintiff was involved, including not putting the Plaintiff on the stand for testimony.

419. The EEOC further stated the case comparison provide by the Plaintiff were not comparable and lacked evidence to show that similar situated co-workers outside of the Plaintiffs protected class, were treated better than the Plaintiff. EEOC issued a right to sue letter.

420. On or about April 2014, the Plaintiff was summoned by Captain Jeffrey Point and present were Lieutenants Keith Balash and Kenneth Grams assigned to the Metropolitan Division Homicide. The Plaintiff was transferred from the Homicide Unit to the Investigative Management Division.

421. Captain Jeffrey Point stated this transfer was due to the Plaintiff testimony regarding, State of Wisconsin V. Eddie Gill, Case # 2014CF000617, Stating the Plaintiff lost creditability to give testimony in any future Homicide Investigations to include any and all felony Investigations.

422. The Plaintiff was transferred from the Homicide Division to Court Liaison Defective, assigned to the District Attorney Office.

423. The Defendant actions are retaliatory as it relates to past discrimination complaints filed. The decision to transfer the Plaintiff was based on prior allegations, of Intimidation Witness (2009) .The Defendant sited case Law Giglio V. United States, 405 U.S 150 (1972). Stating the District Attorney Office would be compelled to turn over all alleged violations.

424. On or about April 2014 the Plaintiff received a letter from the U.S Equal Employment Opportunity Commission. The investigation was completed and based on the evidence as a whole, did not support the findings of discrimination.

425. On or about May, 2014 I, testified, in court proceedings the State V. Deonta Benton case # 2014CF000158, (Giglio not invoked)

426. The Defendant knowing that the Plaintiff was cleared of any and all investigations allowed these allegations of untruthfulness in a attempt to discredit the Plaintiffs reputation. These actions caused other members of the Police department to question the Plaintiff creditability and truthfulness.

427. These practices by the Defendant were made falsely and with reckless disregard as to the truth, of the matter and with express and actual malice. At the conclusion of the District Attorney Investigation to include a separate investigation conducted by the Defendant, both investigations concluded with the same findings.

428. The Plaintiff was cleared of any and all misconduct as it related to a Criminal or Internal violations. The Defendant has continued to treat the Plaintiff (African American) different than other members (Caucasians) of the Milwaukee Police Department.

429. The following Police Officers (Caucasian) were investigated for rule violations and were treated more favorable than the Plaintiff, Michael Gasser, Stephanie Seitz, and Brian Burch, Zachary Thomas, Patrick Cole, Jeffery Cline, Richard Ticcioni.

430. These listed Police Officers were allowed to continue working in their normal job assignments even when the Defendant was made aware of these acts of misconduct. The Defendant continued to clear these Caucasians Officers of any misconduct by simple turning the other way as citizen complaints were being filed against these Officers for misconducts.

431. The Defendant has allowed more Police Officers Caucasian Officers to continue violating the civil rights of citizens. For a period of (2) years prior to any formal charges being filed. Jeffery Dollhopf, Jacob Knight, Brian Kozelek, Michael Vagnini, Jason

Mucha. The Defendant clearly had knowledge and or information of these investigations.

432. The Defendant could have cleared the Plaintiff, and choose to discredit his reputation and demote the Plaintiff. The Defendant did nothing with this evidence, but decided to remain silent with this evidence for 20 months, allowing the Plaintiff to be placed in a demoted status for an unprecedented period of time.

433. The Defendant has stated that the Plaintiff has never been demoted. The Defendant has stated that personnel can be re-assigned during any alleged acts of misconduct. The Defendant clearly stated the transferring of a member does not mean the member has been demoted and or the duties and responsibility of the member has been diminished.

434. By placing and leaving the Plaintiff in this posture for months knowing he has been cleared would constitute a forum of demotion and punishment and embarrassment to include loss wages as well as the reputation and integrity of the Plaintiff.

435. On or about April 2014 Captain Jeffrey Point notified the Plaintiff he was being transferred from the Homicide Division. Stating the Defendant knew his name, upon hearing this statement caused the Plaintiff concern as to the context of the statement.

436. The Defendant stated the District Attorney Office has implied that the Plaintiff has lost creditability in all future testimony, court proceedings, (Giglio v. United States, 405 U.S 150 (1972), (2009). Stating this action by the Defendant was due to the Plaintiff testimony, State V. Eddie Gill, (2013CF000617) 2014.

437. The Plaintiff has provided a list of Homicide Detectives who provided testimony and who were not transferred James Hensley (Caucasian) Dennis Devaulkenere (Caucasian). The Plaintiff (African American) was the only member transferred. The Defendant has taken every opportunity to demote, transfer and diminish The Plaintiff role as a Detective.

438. The Plaintiff is no longer assigned to the homicide unit after 18 years of service. The Plaintiff at the time of his transfer the Plaintiff (African American) at the time of his transfer was ranked #20 out of #182 Detectives in seniority. The Plaintiff ranked #1 in Seniority assigned to the Homicide Unit out of -#34, Homicide Detectives.

439. The Plaintiff was removed from the Negotiator Unit after being a member since 1997. The Plaintiff was the senior polygraphist, prior to his removal. Caucasian member Detective Eric Gulbrandson replaced the Plaintiff. The Plaintiff was the only African American Polygraphist.

440. The Defendant since the removal of the Plaintiff has total of (3) polygraphists whom are all Caucasian James Hensley, James Hutchinson, and Eric Gulbrandson. The Defendant has not stated a valid reason why the Plaintiff was removed.

441. The Plaintiff is currently assigned to the Management Investigative Division as the Court Liaison Officer, A position that has been held by limited duty members.

442. The Plaintiff has listed the fellow Detectives assigned to the Court Liaison Office. Detective Mark Peterson (African American), senior detective, Detective Mary Schmitz (Caucasian), Detective Michael Chaperon (Caucasian), limited duty, Detective Ronald Linzmeyer (Caucasian) voluntarily transferred to the Management Investigation after the Transfer of the Plaintiff to the District Attorney Office.

443. The Plaintiff states his Job duties consist of presenting and attending charging conference related to felony investigations to include the signing of criminal complaints and swearing of testimony (hear say exception) during court proceedings., Noting the District Attorney Office has not invoked Giglio while during these duties.

444. The Plaintiff stated even after his transfer the Plaintiff has given testimony in the following Milwaukee County court proceedings, Jovan D. Newman 2012CF006028,, Deonta L. Benton 2014CF000158, Demetrius D. Taylor 2014CF001613,. Brandy Payne 2013CF002791, Darrell L. Rogers 2013CF005328, Kawane J. Stroyier 2012CF006122, Dion A. Neal 2013CF005476, Bilal Garner 2014CF001166, Malik Garner 2014CF001167, Dominique Wilder 2013CF4864,

445. The Plaintiff continues to be treated different from other members (Caucasians). The Plaintiff integrity and creditability has been questioned. These actions (practices) clearly constitute discrimination and or retaliation by the Defendant.

446 The Plaintiff pay was listed in the Milwaukee Business Journal, 2013 as the highest paid Detective, which included overtime, 148,000.00, Since the Plaintiff transfer the Plaintiff anticipated salary would be 75,000.00. (2015) The Plaintiff stated since being transferred, the Plaintiff no longer receives roll call

447. The Defendant stated the Plaintiff transfer was due to the plaintiff testimony regarding, The State of Wisconsin V. Eddie Gill, Case # 2014CF000617, stating the Plaintiff has lost creditability.

448. The Defendant actions are clearly retaliatory due to past discrimination complaints filed by the Plaintiff. The Defendant is violating my civil rights.

449. The Plaintiff filed another Federal EEOC complaint regarding retaliation. I do not have any confidence that the Defendant can conduct a fair and impartial review of my complaints. The Defendant has created an intimidating, hostile and abusive of power environment, which is a violation of the Plaintiff Civil Rights.

V. Violation of Law

450. The Defendants retaliation against the Plaintiff violated his right to be free to complain of employment discrimination on the basis of race secured by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C & 2000e,et seq., the Civil Rights Act of 1871, as amended, 42 U.S.C & 1981 and U.S.C

## VI. DAMAGES EQUITY, AND INJUNCTIVE RELIFE

601. By virtue of the Defendant unlawful actions against the Plaintiff, the Plaintiffs has sustained lost wages, future lost earning capacity, physical, mental distress, community humiliation, and loss of reputation, for all of which he seeks compensatory damages and liquidated damages in amounts deemed just by the courts.

602. Because the Defendant acts herein alleged were carried out maliciously or with reckless disregard for the Plaintiffs fundamental rights, Plaintiff seeks an award of punitive damages against the Defendant to deter them and others similarly situated from similar wrongful acts in the future.

603. For some of his injuries, Plaintiff has no plain, adequate or speedy remedy at law and thus invokes the court equitable jurisdiction to award declaratory and injunctive relief against defendants

## VII. CONDITIONS PRECEDENT

701. All conditions precedent to this lawsuit within the meaning of Rule 9 ©, Fed. R. Civ. Pro, have been performed or have otherwise occurred.

## VIII. JURY DEMAND

801. Plaintiff hereby demands a trial by jury of all issues triable right to a jury herein.

## IX. PRAYER FOR RELIFE

Wherefore, Plaintiffs demands judgment awarding compensatory and punitive damages in amounts deemed just by the court. Grant the Plaintiff whatever other relief this court deems necessary and proper.

I declare under penalty of perjury that the foregoing is true and correct.
Plaintiff signed this 28th day of November 2014

Mark A. Peterson Sr. Pro Se
500 W. Hampton Ave 203
Milwaukee W.I 53217
Telephone (414) 558-5030

*Mark A. Peterson Sr.*
Signature of Plaintiff